# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **ERIC L. ELLIS,**<br><br>Plaintiff,<br><br>Vs.<br><br>**CITY OF FORT WORTH,**<br><br>**OFFICER CARLOS DANIEL CERVANTES, OFFICER MATTHEW ANDERSON**<br><br>**Defendants** | Case No.:<br><br>**4:23-cv-00685** |

MOTION FOR RECONSIDERATION

---

Eric Ellis. ("Plaintiff") is a pro se litigant who filed a motion to proceed in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 4, 2023, Judge Mark Pittman accepted the findings and recommendations of magistrate judge Cureton. Cureton's findings led to

Eric Ellis being denied proceeding Informa pauperis and deemed Eric Ellis a vexatious litigant. Plaintiff Ellis opposed these findings and recommendations as this action filed by Eric Ellis is not frivolous, harrasive in nature, abusive and there was no non-discriminatory reason for the magistate judge and judge pittman to find this action as baseless and abusive.

VEXATIOUS LITIGANT OR THREE STRIKES?

The Magistrate Judge mistakenly use the term “vexatious litigant” to refer to a Plaintiff who has now been deemed ineligible to proceed in forma pauperis (“IFP”) under Section 1915(g). In federal court, a Plaintiff declared vexatious is distinct from being deemed ineligible to proceed in forma pauperis under Section 1915(g).

Eric Ellis doesn’t have 3 or more actions that were dismissed as frivolous, malicious or for failing to state a claim as he didn’t have 3 strikes against him at the time of the frivolous order deeming Eric Ellis an “vexatious litigant”.

The Ninth Circuit, in Andrews v. King, 398 F.3d 1113 (2005), held that the Defendant bears the burden of producing sufficient documentary evidence that will allow the court to conclude that a plaintiff has filed at least three prior actions that were dismissed as frivolous, malicious or faile[ed] to state a claim. Andrews v. King, 398 F.3d 1113, 1120 (2005).

The magistrate failed to carry his burden to prove that Eric Ellis has filed at least 3 actions that were dismissed as frivolous, the judge only listed 9 cases in its findings and recommendations but he failed to list the specific 3 actions that were dismissed as frivolous or failure to state a claim.

## ANALYSIS

Again, in order to preclude a Plaintiff from proceeding in forma pauperis, he must have filed three or more actions that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g) (emphasis added.) The magistrate judge has not provided the Court with at least four cases he believes constitutes strikes. He only listed all of Plaintiff's open cases.

Eric Ellis opposed the findings and recommendations on the grounds that he is not a vexatious litigant.

Specifically, the magistrate judge provided only a chart of the cases it relied on. Eric Ellis finds this evidence insufficient to allow the court to determine that Eric Ellis is a vexatious litigant.

In Andrews v. King, 398 F.3d 1113 (9th Cir. 2005), the Ninth Circuit looked to the "ordinary, contemporary, [and] common meaning" of the term "malicious" and "frivolous." Andrews v. King, 398 F.3d 1113 (9th Cir. 2005). The Court concluded that a case is "malicious" if it was "filed with the intention or desire to harm another." Id. at 1122.

Undoubtedly, Plaintiff made no repeated misrepresentations that were made with "malevolent motive" and against any of the defendants in this case. All of plaintiff's complaints stemmed from actual events that were out of the Plaintiff's control. There is no evidence that Eric Ellis made "misrepresentation" with a malevolent motive when he filed this action or any of the other actions.

The actions listed in the magistrate judge's recommendations could not rise to the level of an action "filed with the 'intention or desire to harm another.'" Andrews, 398 F.3d at 1121.

.

CONCLUSION

Based on the above, Eric Ellis finds that he has not suffered three or more dismissals within the meaning of Section 1915(g) of the Prison Litigation Reform Act. In addition, the Court failed to examine the Complaint and subsequent Amended Complaints to find that the case presents facts from which an inference can be drawn that Plaintiff was under continuing or imminent danger of serious physical injury at the time the action was filed. 11 28 U.S.C. § 1915(g); Tierney v. Kupers, 128 F.3d 1310, 1311 (9th Cir.1997).

Accordingly, the Plaintiff Eric Ellis HEREBY RECOMMENDS that Plaintiff's in forma pauperis status be GRANTED and the order deeming Eric Ellis a vexatious litigant, should be stricken as the Magistrate Judge failed to prove that Eric Ellis is a vexatious litigant and judge Pittman ignored the strict requirements of the vexatious litigant statute.

Eric Ellis
9.5.23
Ericlamarellis@gmail.com