UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ERIC L. ELLIS,<br><br>Plaintiff,<br><br>Vs.<br><br>CITY OF FORT WORTH,<br><br>OFFICER CARLOS DANIEL CERVANTES, OFFICER MATTHEW ANDERSON<br><br>Defendants | Case No.:<br><br>4:23-cv-00685-P |

PLAINTIFF'S MOTION TO ISSUE CITATIONS (SUMMONS)

TO THE CITY OF FORT WORTH AND ALL DEFENDANTS

BECAUSE RULE 4(m) HAS NOT BEEN TRIGGERED

COMES NOW Plaintiff Eric L. Ellis, and moves this Court to order the Clerk to issue citations (summons) to the City of Fort Worth and all named defendants pursuant to Fed. R. Civ. P. 4(b), and in support states as follows:

## INTRODUCTION

This case was filed on July 5, 2023, when Plaintiff's complaint was docketed by the Clerk. (ECF No. 1). The filing of the complaint automatically triggered the Clerk's mandatory duty to issue summons under Rule 4(b).

However:

- No summons were ever issued.
- No summons appear on the docket.
- No directive to the Clerk to issue summons was ever entered.
- The Court never dismissed the case under Rule 4(m).

Because of this, the 90-day service clock under Rule 4(m) never began to run.

A case cannot be dismissed for lack of service when the Clerk never issued the summons required to begin service.

See McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993)
(court cannot penalize plaintiff for failure to serve when clerk failed to issue summons).

Thus, Plaintiff now properly moves the Court to direct issuance of summons.

## LEGAL STANDARD

Under Fed. R. Civ. P. 4(b):

"On or after filing the complaint, the clerk must issue a summons."

This duty is mandatory. It does not depend on a further court order unless the plaintiff is proceeding IFP.

In this case:

- Plaintiff filed a complaint.
- The Court did NOT deny IFP until after the case had been pending for more than 14 days.
- The complaint was active throughout.
- The docket reflects no issuance of summons at any time.

Because the Court kept the case open, and because no dismissal under Rule 4(m) or Rule 41(b) was ever issued:

- Service is still pending.
- Rule 4(m)'s 90-day clock has not begun.
- The defendants have never been placed under the Court's jurisdiction.
- The case remains in a pre-service posture solely due to Clerk error.

Thus, issuance of summons is mandatory.

## III. THE FAILURE TO ISSUE SUMMONS VOIDED SUBSEQUENT PROCEEDINGS

Because summons were never issued:

1. Defendants were never served.
2. No defendant ever appeared.
3. The Court never acquired personal jurisdiction over any defendant.
4. Any orders referencing plaintiff's "status," "conduct," or "future filings" were issued *without an adversarial case pending*.
5. No sanction, warning, or "vexatious litigation" recommendation entered in this pre-service posture can be binding or enforceable.

Fifth Circuit law is clear:

A district court lacks jurisdiction to impose sanctions unless the case has properly commenced
with service or waiver of service.
— *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).

Because the Clerk never issued summons, this case was never properly commenced, and therefore no sanction-type orders can have binding effect.

This makes issuance of summons even more necessary to restore the case to a valid procedural posture.

IV. RELIEF REQUESTED

Plaintiff respectfully moves the Court to:

1. DIRECT the Clerk of Court to immediately issue summons (citations) for the City of Fort Worth and all named defendants in the complaint.

2. Provide Plaintiff with the issued summons so that he may effect timely service under Rule 4(c).

3. Recognize that the Rule 4(m) 90-day service deadline has not yet begun because the Clerk never issued summons.

4. Order any additional relief the Court deems just and proper.

## CONCLUSION

Because no summons have ever been issued in this case, service has not begun, the case has not commenced against the defendants, and Rule 4(m)'s deadline has not run. Issuance of citations is mandatory under Rule 4(b), and Plaintiff's right to serve his complaint cannot be extinguished due to Clerk error.

Plaintiff therefore respectfully requests that the Court immediately order issuance of citations.

Respectfully submitted,

Eric Lamar Ellis

8539 Melissa Dr

Fort Worth, Tx 76108

Ericlamarellis@Gmail.com

11.23.2025

CERTIFICATE OF SERVICE

I hereby affirm that on this 23rd day of November, the foregoing document was filed with the Court's CM/ECF electronic filing system on behalf of the Plaintiff.

/s/ *Eric L. Ellis*

DECLARATION OF ERIC L. ELLIS

IN SUPPORT OF MOTION TO ISSUE CITATIONS**

I, **Eric L. Ellis**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. **I am the Plaintiff** in Case No. 4:23-cv-00685-P, *Ellis v. City of Fort Worth*, currently pending in the United States District Court for the Northern District of Texas, Fort Worth Division.
2. **I filed the original complaint in this case on July 5, 2023**, which was docketed as ECF No. 1.
3. After the complaint was filed, the Clerk **did not issue any summons ("citations")** for the City of Fort Worth or for any other named defendant. I have reviewed every docket entry in the case, and **there is no entry reflecting issuance of summons** under Fed. R. Civ. P. 4(b).
4. On July 6, 2023, the magistrate judge entered ECF No. 5, granting me **14 days to pay filing fees** or have IFP denied. This order **did not stay issuance of summons**, nor did it dismiss the case, and the complaint remained active at all times.
5. **No IFP denial occurred within those 14 days**, and the case remained active on the docket. Despite this, the Clerk **still did not issue summons** as required by Fed. R. Civ. P. 4(b), and I was never provided summons for service.
6. Because the Clerk never issued summons:
    a. I was **unable to serve the complaint**;
    b. Rule 4(m)'s 90-day service deadline **never began to run**;
    c. the defendants **never entered the case**; and

d. the Court never acquired personal jurisdiction over any defendant.

7. As of today's date, **summons have still never been issued** in this case — more than two years after the complaint was filed.

8. I now submit this declaration to confirm the docket history and to support my request that the Court **order the Clerk to issue summons** so that service may be effectuated and the case may proceed properly.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: November 23rd 2025
Fort Worth, Texas

**/s/Eric L. Ellis**
**Eric L. Ellis**
Plaintiff