**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF TEXAS**

MW

| | |
|---|---|
| **ERIC L. ELLIS,**<br><br>Plaintiff,<br><br>vs.<br><br>**CARLOS DANIEL CERVANTES,**<br>**OFFICER MATTHEW ANDERSON**<br><br>**Defendants** | Case No.:<br><br>4:23-cv-685 |

**PLAINTIFF'S RULE 60(b)(4) MOTION TO VACATE THE AUGUST 4, 2023 PRE-FILING INJUNCTION AND SANCTION ORDER AS VOID AB INITIO**

---

Plaintiff Eric L. Ellis respectfully moves under Federal Rule of Civil Procedure 60(b)(4) to vacate the Court's August 4, 2023 Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge, ECF No. 8, to the extent that

order imposed a pre-filing injunction, declared or treated Plaintiff as vexatious, warned of future monetary sanctions, and required Plaintiff to obtain leave before filing additional complaints in this district.

The August 4, 2023 sanction order is void ab initio because it was entered in a manner inconsistent with due process of law. Plaintiff did not receive a prior show-cause order, prior notice that a pre-filing injunction was being considered, or a meaningful opportunity to be heard before the magistrate judge recommended the sanction. The Findings, Conclusions, and Recommendation ("FCR") itself was the first document announcing that Plaintiff should be declared vexatious and restricted from future filings. That is not notice before the sanction; it is the recommendation of the sanction.

Because the sanction order was entered without the constitutionally required process, it is void under Rule 60(b)(4) and must be vacated.

## I. BACKGROUND

1. Plaintiff filed this civil action on July 5, 2023. Plaintiff also filed a motion for leave to proceed in forma pauperis. ECF Nos. 1–2.

2. On July 6, 2023, the magistrate judge ordered Plaintiff to pay the $402 filing and administrative fees within fourteen days. ECF No. 5. The order warned that if Plaintiff failed to pay, denial of leave to proceed in forma pauperis would be recommended and the case would be subject to dismissal without prejudice.

3. On July 12, 2023, without any prior show-cause order directed to sanctions or a pre-filing injunction, the magistrate judge issued Findings, Conclusions, and Recommendation. ECF No. 6. The FCR stated that this was Plaintiff's tenth case in the

Northern District of Texas within seventeen months, listed a chart of cases, and recommended that Plaintiff be declared a vexatious litigant.

4. The FCR recommended that the district court warn Plaintiff that monetary sanctions may be imposed for future vexatious litigation and require Plaintiff to obtain leave before filing additional complaints in this district. ECF No. 6.

5. Several cases listed in the FCR's chart were marked "Pending." Therefore, the FCR relied on cases that had not been finally adjudicated as frivolous, abusive, harassing, or meritless.

6. On July 13, 2023, Plaintiff timely objected. ECF No. 7. Plaintiff argued that his cases arose from actual events, that he filed them in good faith to redress grievances, that filing complaints was protected by the First Amendment right to petition, that the magistrate judge failed to identify actual harassment or abusive litigation practices, and that only a small number of the listed cases had been finally determined adversely to him.

7. On August 4, 2023, the district court entered a one-page order adopting the FCR. ECF No. 8. The order stated that the Court conducted de novo review and concluded that Plaintiff's objections were without merit. The order did not specifically address Plaintiff's due-process objections, the absence of a prior show-cause order, the fact that several cases relied on by the FCR were pending, the lack of specific findings of abusive conduct, or the narrow-tailoring requirement.

8. The August 4, 2023 order imposed the following restrictions: "monetary sanctions may be imposed on Plaintiff for future vexatious litigation considered to be abusive and

harassing in nature," and "Plaintiff must obtain leave to court by filing a motion before he is permitted to file any additional complaints in this district." ECF No. 8.

9. The case was later dismissed without prejudice on May 9, 2024, after Plaintiff did not pay the filing fee. ECF Nos. 16–17.

10. The August 4, 2023 sanction order continues to be used against Plaintiff in other cases and appeals. Because the order restricts Plaintiff's access to court and continues to cause present prejudice, Plaintiff seeks relief under Rule 60(b)(4).

## II. LEGAL STANDARD

Rule 60(b)(4) requires relief from a judgment or order that is void. A judgment is void where the court that entered it lacked jurisdiction or acted in a manner inconsistent with due process of law. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).

The Fifth Circuit recognizes the same rule. A judgment is void if the court rendering it acted in a manner inconsistent with due process. New York Life Ins. Co. v. Brown, 84 F.3d 137, 143 (5th Cir. 1996); Carter v. Fenner, 136 F.3d 1000, 1005–06 (5th Cir. 1998). The Fifth Circuit has also reiterated that an order entered in violation of due process may be void. In re Brumley, 7 F.4th 279, 285 (5th Cir. 2021).

A pre-filing injunction is an extraordinary restriction on court access. The Fifth Circuit requires that such injunctions be imposed only after adequate notice and an opportunity to be heard, with substantive findings and narrow tailoring. Qureshi v. United States, 600 F.3d 523, 525–26 (5th Cir. 2010); Baum v. Blue Moon Ventures, LLC, 513 F.3d 181, 187–90 (5th Cir. 2008). In Qureshi, the Fifth Circuit held that notice and a hearing are

required where a district court sua sponte imposes a pre-filing injunction. 600 F.3d at 525–26.

## III. ARGUMENT

### A. The August 4, 2023 Sanction Order Is Void Ab Initio Because Plaintiff Did Not Receive Prior Notice and a Meaningful Opportunity to Be Heard.

The August 4, 2023 order is void ab initio because it was entered without the process required before a federal court restricts a litigant's future access to court.

The magistrate judge did not issue a show-cause order advising Plaintiff that a pre-filing injunction was being considered. The Court did not give Plaintiff notice of the specific sanction under consideration before the magistrate judge made the vexatious-litigant recommendation. Instead, the first notice was the FCR itself, which had already concluded that Plaintiff's litigation history rose to the level of harassment and had already recommended the pre-filing restriction.

That process is constitutionally defective. A completed recommendation that a sanction be imposed is not the same thing as prior notice that a sanction is being considered. Due process requires notice and a meaningful opportunity to be heard before the deprivation occurs. Qureshi requires notice and a hearing before a sua sponte pre-filing injunction is imposed. 600 F.3d at 525–26.

Here, Plaintiff was not given a prior opportunity to explain why a filing restriction should not be considered. He was only allowed to object after the magistrate judge had already recommended the sanction. That is not a meaningful opportunity to oppose the sanction before it was recommended.

Because the sanction was recommended and imposed without constitutionally adequate notice, the resulting order is void under Rule 60(b)(4). Espinosa, 559 U.S. at 271; New York Life, 84 F.3d at 143.

**B. The FCR Was Not a Constitutionally Adequate Substitute for a Show-Cause Order.**

The Court may conclude that Plaintiff had notice because the FCR permitted objections. But that is not enough.

A show-cause order and an FCR serve different purposes. A show-cause order tells the party that the court is considering a sanction and gives the party an opportunity to oppose the sanction before the court reaches a recommendation or decision. An FCR is already the magistrate judge's proposed determination. In this case, the FCR did not merely identify a concern. It recommended that Plaintiff be declared vexatious and restricted from future filings.

That matters because the deprivation at issue is substantial. The August 4, 2023 order restricts Plaintiff's ability to file future complaints in the Northern District of Texas. Such an order directly burdens access to courts and the First Amendment right to petition. Because the sanction affects future litigation rights, the procedure used to impose it must be meaningful and must occur before the court makes the sanction recommendation.

The FCR's objection period did not cure the absence of prior notice because Plaintiff was forced to object to an already-made sanction recommendation rather than respond to a neutral show-cause order.

**C. The District Court's One-Page Adoption Order Did Not Cure the Due-Process Defect.**

Plaintiff filed specific objections to the FCR. He argued that his cases arose from real events, that he filed them in good faith, that the report failed to identify actual harassment, that the report improperly relied on the number of cases, and that only a few cases had been finally determined adversely to him. He also argued that declaring him vexatious would violate his right to petition the courts.

The district court's August 4, 2023 order did not address those objections in substance. It stated only that the Court conducted de novo review and found the objections without merit. The order did not explain why pending cases could support a vexatious-litigant finding. It did not identify specific abusive filings. It did not analyze narrow tailoring. It did not explain why less restrictive alternatives would be inadequate. It did not provide a procedure or standards for seeking leave.

A conclusory adoption order does not cure the absence of prior notice and meaningful hearing. The issue here is not merely whether the Court used the phrase "de novo review." The issue is whether Plaintiff received constitutionally sufficient process before a forward-looking filing restriction was imposed. He did not.

**D. The Sanction Was Unsupported Because the FCR Relied on Pending Cases and Filing Volume Rather Than Final Findings of Abuse.**

The FCR relied heavily on a chart of ten cases. But several of those cases were listed as "Pending." Pending cases are not final determinations of frivolousness, bad faith, harassment, or abuse.

The Fifth Circuit's pre-filing injunction cases require more than a case count. In Baum, the Fifth Circuit identified factors including the litigant's history of litigation, whether the litigant had a good-faith basis for filing, the burden on courts and parties, and whether alternative sanctions would be adequate. Baum, 513 F.3d at 189.

The August 4 order does not reflect that analysis. The order does not identify which filings were frivolous, which were harassing, which defendants were burdened, or why a district-wide filing restriction was necessary. It treats filing volume as enough.

But filing lawsuits to redress alleged civil-rights violations is not, by itself, abusive. A pre-filing injunction requires specific findings showing abuse. The order lacks those findings.

**E. The Sanction Was Not Narrowly Tailored.**

Even if some restriction had been permissible, the August 4 order was not narrowly tailored.

The order states that Plaintiff must obtain leave before filing "any additional complaints in this district." It contains no subject-matter limitation, no duration, no specific procedure for requesting leave, no standard governing leave, and no limitation to claims against particular defendants or claims arising from repetitive facts.

This matters because a pre-filing injunction must preserve legitimate access to court. Baum, 513 F.3d at 189–90. An injunction that broadly restricts "any additional complaints in this district" without procedural standards risks operating as a general filing disability rather than a narrowly tailored remedy.

Because the order is not narrowly tailored, and because it was entered without prior notice and meaningful opportunity to be heard, the order is void or, at minimum, unenforceable.

**F. The Procedural Defect Is Jurisdictional in the Rule 60(b)(4) Sense Because the Court Acted in a Manner Inconsistent With Due Process.**

Plaintiff recognizes that courts have inherent power to manage dockets and deter abusive litigation. But inherent power is limited by due process. A court may not use inherent authority to restrict access to court without constitutionally adequate notice and opportunity to be heard.

This is why Rule 60(b)(4) applies. Plaintiff is not merely arguing that the Court made a legal error. Plaintiff is arguing that the sanction order was entered without the due-process prerequisites necessary to exercise that authority. Under Espinosa, a judgment or order is void when it is premised on a due-process violation that deprives a party of notice or an opportunity to be heard. 559 U.S. at 271.

That is what happened here. Plaintiff was not given a prior show-cause order. The first notice was the FCR recommending the sanction. The district court adopted the

recommendation without meaningful discussion of Plaintiff's objections. The resulting order restricted Plaintiff's future filings and continues to prejudice him.

Accordingly, the order is void ab initio.

**G. The Later Dismissal for Failure to Pay the Filing Fee Confirms the Sanction Was Entered Before the Court Fully Resolved Plaintiff's Right to Proceed in This Case.**

The docket further confirms the unusual posture of the sanction order.

Before the pre-filing injunction was entered, the magistrate judge had ordered Plaintiff to pay the filing fee and warned that failure to pay would result in a recommendation that IFP be denied and the case dismissed. ECF No. 5. The sanction was then entered on August 4, 2023, before the Court finally denied IFP. Later, on October 13, 2023, the Court denied Plaintiff's IFP motion and ordered payment of the filing fee. ECF No. 15. The case was ultimately dismissed without prejudice on May 9, 2024 for failure to pay the fee. ECF Nos. 16–17.

This sequence reinforces the due-process problem. The Court imposed a district-wide prospective filing restriction in a case that was later dismissed without prejudice for nonpayment of the filing fee. Before the Court finally resolved whether Plaintiff could proceed in the case, it imposed a continuing sanction affecting future cases.

That procedural posture makes it especially important that the Court should have provided clear prior notice, a show-cause opportunity, and specific findings before imposing a pre-filing injunction. It did not.

**H. Relief Is Required Because a Void Order Has No Legal Effect.**

A void order has no legal effect and cannot serve as the basis for future restrictions. The August 4, 2023 order continues to be used against Plaintiff in other proceedings. That ongoing prejudice makes relief necessary.

Because the order was entered in a manner inconsistent with due process, the Court should vacate the pre-filing injunction and clarify that Plaintiff is not subject to the August 4, 2023 leave-of-court requirement.

## IV. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1. Grant this Rule 60(b)(4) motion;

2. Vacate the August 4, 2023 Order Accepting Findings, Conclusions, and Recommendation, ECF No. 8, to the extent it declares or treats Plaintiff as vexatious, warns of future monetary sanctions, or requires Plaintiff to obtain leave before filing additional complaints in this district;

3. Declare that the August 4, 2023 pre-filing injunction is void ab initio because it was entered in a manner inconsistent with due process;

4. Direct the Clerk to remove or correct any sanction notation based on the August 4, 2023 order;

5. Clarify that the August 4, 2023 order cannot be used to restrict Plaintiff's filings in other cases; and

6. Grant all further relief justice requires.

## V. CONCLUSION

The August 4, 2023 sanction order was entered without the process required before imposing a pre-filing injunction. Plaintiff received no prior show-cause order, no meaningful opportunity to oppose the sanction before it was recommended, and no substantive district-court analysis of his objections before the filing restriction was imposed.

Under Rule 60(b)(4), Espinosa, New York Life, Brumley, Qureshi, and Baum, the order is void ab initio and must be vacated.

Respectfully submitted,

Eric Lamar Ellis

8539 Melissa Dr

Fort Worth, Tx 76108

Ericlamarellis@Gmail.com

5.7.2026

**CERTIFICATE OF SERVICE**

I hereby affirm that on this 7th day of May, that the foregoing document was filed with the Court's clerk.

/s/ *Eric L. Ellis*